Filed 6/8/21  P. v. Guzman CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANGEL HERMAN AVILA GUZMAN,<br><br>    Defendant and Appellant. | F077918<br><br>(Super. Ct. No. 17CR04410E)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Carol K. Ash, Judge.

Peggy A. Headley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Julie A. Hokans and Kathryn L. Althizer, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Angel Herman Avila Guzman was convicted by jury for his role in a gang-related assault with a deadly weapon occurring in jail (Pen. Code,[1] §§ 245, subd. (a)(1) &

---

[1] All statutory references are to the Penal Code.

186.22, subd. (b)). On appeal, he contends the court's jury instruction describing an uncharged conspiracy erroneously lowered the prosecution's burden of proof.

The People concede the error but dispute its prejudice. We conclude the jury instruction at issue was both in error and prejudicial. We will reverse the judgment.[2]

## BACKGROUND

**Charges**

The Merced County District Attorney charged Guzman with three crimes: Attempted murder (§§ 187 & 664, Count 1), assault with a deadly weapon (§ 245, subd. (a)(1), Count 2), and possessing a weapon in jail (§ 4502, subd. (a), Count 3). It was also alleged the crimes were gang-related (§ 186.22, subd. (b)) and the victim suffered great bodily injury (§ 12022.7, subd. (a)).

**Trial Evidence[3]**

The victim testified he was attacked by several other men he was housed with in jail.[4] He suffered significant injuries including "numerous small puncture wounds" across his back. He identified Guzman as one of his assailants but was unaware if Guzman utilized a weapon in the attack.

**Verdict and Sentence**

Guzman was convicted of assault with a deadly weapon (Count 2) but acquitted of attempted murder and possessing a weapon (Counts 1 and 3). The gang-related crime and great bodily injury enhancements were found true. He was sentenced to serve 12 years in prison.

---

[2] Additional claims related to fines and restitution are moot.

[3] Much of the evidence is not relevant to the issues on appeal. Our summary is appropriately confined to the issues presented.

[4] Five other men were charged for the same crimes.

2.

## DISCUSSION

The jury was instructed Guzman was guilty if he 1) directly committed a crime, 2) aided and abetted a crime, or 3) a co-conspirator committed a crime to further an uncharged conspiracy to commit murder. Only the conspiracy instruction is at issue.

Guzman argues the conspiracy instruction failed to adequately describe the elements necessary to prove assault with a deadly weapon. The People agree but urge the error is harmless. We accept the concession and find the error prejudicial.

## I. Instructional Error

To explain the uncharged conspiracy theory, the court instructed the jury with the following relevant language:

> "To prove that the defendant is guilty of the crimes charged in Count[s] 1, 2 and 3, the People must prove that:
>
> 1. The defendant conspired to commit [murder];
>
> 2. A member of the conspiracy committed an assault and/or possessed a sharp instrument to further the conspiracy;
>
> AND
>
> 3. Committing an assault and/or possessing a sharp instrument was a natural and probable consequence of the common plan or design of the crime the defendant conspired to commit."[5]

Conspicuously, the instruction does not define, identify, or otherwise describe assault with a deadly weapon.

Neither assault nor possession of a sharp instrument constitutes assault with a deadly weapon. Even assault combined with simultaneous weapon possession does not equal assault with a deadly weapon. Assault with a deadly weapon requires utilizing the

---

[5] Conspiracy and natural and probable consequences were defined elsewhere in the instructions.

weapon in a manner likely to cause injury. (*People v. Marsh* (2019) 37 Cal.App.5th 474, 484; § 245, subd. (a)(1).) The uncharged conspiracy instruction in this case errs because it inadequately explains assault with a deadly weapon.

## II. Prejudice

Alternative-theory error occurs "when a court instructs on [multiple] theories of guilt, one [or more] correct, and the other[s] incorrect." (*People v. Aledamat* (2019) 8 Cal.5th 1, 7.) When the error is a legal invalidity, a "reviewing court must reverse the conviction unless, after examining the entire cause, including the evidence, and considering all relevant circumstances, it determines the error was harmless beyond a reasonable doubt." (*Id*. at p. 13.) The court's review is not limited to "an examination of the jury's findings as reflected in the verdict itself …." (*Ibid.*)

The People bear the burden "to 'prove beyond a reasonable doubt that the error … did not contribute to the verdict obtained.' " (*People v. Mower* (2002) 28 Cal.4th 457, 484.) " 'The inquiry … is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error .' " (*People v. Thompkins* (2020) 50 Cal.App.5th 365, 400.)

In arguing alternative-theory error in this case is harmless, the People claim "the record shows that the jury relied upon the aider and abettor theory of liability in convicting … of assault with a deadly weapon …." Specifically, the People argue the jury's acquittals on attempted murder and weapon possession "clearly" reflect the fact the jury rejected direct liability.

The People's argument continues: "[T]he jury's verdicts show that it did not convict under [the uncharged conspiracy] theory of liability" because that theory required finding an agreement to commit murder but, by acquitting of attempted murder, the jury rejected "intent to kill …." This leaves aiding and abetting as the remaining theory of guilt—which the People conclude is sufficient to validate the verdict.

4.

We disagree.  The People's argument is speculative because " '[a]n acquittal of one or more counts shall not be deemed an acquittal of any other count.' " (*People v. Palmer* (2001) 24 Cal.4th 856, 861; § 954.)  Were we to ignore that rule and nonetheless conclude the verdict was inconsistent based on the acquittals, the People would still not prevail because " ' "an inherently inconsistent verdict is allowed to stand …." ' " (*People v. Abilez* (2007) 41 Cal.4th 472, 512–513.)  Inconsistent verdicts are permissible because "[a]n inconsistency may show no more than jury lenity, compromise, or mistake …." (*People v. Lewis* (2001) 25 Cal.4th 610, 656.)

In sum, there is no concrete basis in the record upon which to conclude the jury found guilt on a valid legal theory.[6]  Because speculation is not proof beyond a reasonable doubt, we find the People have not discharged their burden to prove the error harmless.[7]

**DISPOSITION**

The judgment is reversed.

SNAUFFER, J.

WE CONCUR:

LEVY, Acting P.J.

POOCHIGIAN, J.

---

[6] The jury was also instructed, "Each of the counts charged in this case is a separate crime.  You must consider each count separately and return a separate verdict for each one."  (CALCRIM No. 3515.)

[7] The People may retry Guzman upon remand.