Filed 3/21/13  P. v. Khoury CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD KHOURY,<br><br>    Defendant and Appellant. | B239108<br><br>(Los Angeles Super. Court Nos. PA066963, PA069046, PA066818) |

APPEAL from an order of the Superior Court of Los Angeles County.  Cynthia L. Ulfig, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris Attorney General, Dane R. Gillette, Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Michael R. Johnsen and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Richard Khoury, a qualified medical marijuana patient, operated three medical marijuana shops in the cities of Northridge, Van Nuys and Encino. In 2010 and 2011, the Los Angeles Police Department executed search warrants at the shops and Khoury's home, seizing marijuana, cash, scales, computers, receipts and business records. Khoury was charged with cultivating marijuana and possession of marijuana for sale. (Health & Safety Code, §§ 11358, 11359.) He pleaded not guilty.[1]

Prior to trial, Khoury filed a notice that he would rely on an affirmative defense provided by the Medical Marijuana Program Act, Health and Safety Code[2] section 11362.7 et seq. Section 11362.775 provides: "Qualified patients, persons with valid identification cards, and the designated primary caregivers of qualified patients and persons with identification cards, who associate within the State of California in order collectively or cooperatively to cultivate marijuana for medical purposes, shall not solely on the basis of that fact be subject to state criminal sanctions under Section 11357 ([possession of marijuana]), 11358 ([cultivation of marijuana]), 11359 [(possession of marijuana for sale)], 11360 [(transporting, importing, selling, furnishing, or giving away marijuana)], 11366 [(maintaining a place for the sale, giving away, or use of marijuana)], 11366.5 [(making real property available for the manufacture, storage, or distribution of controlled substances)], or 11570 [(abatement of nuisance created by premises used for manufacture, storage, or distribution of controlled substance)]."

Khoury argued he cultivated and possessed marijuana as part of the operation of a medical marijuana collective within the meaning of section 11362.775. At a hearing on the matter Khoury represented he would prove he operated a collective and each person who received marijuana from his operation was a member of the collective. Under questioning by the court Khoury's counsel admitted that of approximately 4,000

---

[1] Khoury was also charged with one count of attempting to dissuade a witness. (Pen. Code, § 136.1, subd. (a)(2).) This count was dismissed contingent upon the continuing validity of the plea and sentence on the other counts.

[2] Undesignated statutory references are to the Health and Safety Code.

members of the collective, only about a dozen actually worked in the cultivation and distribution of marijuana; the remainder contributed only money.

The trial court ruled that for a medical marijuana collective to fall within the scope of the defense offered by the Medical Marijuana Program Act, members must either take some action to benefit the organization beyond the mere payment of money or be represented in the collective by a primary caregiver. The court found Khoury's collective did not meet either of these requirements. It therefore denied his request to present an affirmative defense under section 11362.775.

Khoury then changed his plea to no contest in exchange for a one-year jail sentence (which he had already served), a suspended prison sentence, and five years probation.

Khoury obtained a certificate of probable cause and filed a timely appeal. We appointed counsel to represent him on appeal, and after examining the record counsel filed an opening brief raising no issues and asking this court to review the record independently. On May 29, 2012, we advised Khoury he had 30 days within which to personally submit any contentions or issues he wished us to consider. He did not respond.

We also requested briefing on two questions: Does section 11362.775 provide immunity or an affirmative defense? Was Khoury's offer of proof sufficient to send his section 11362.775 defense to the jury? Both Khoury's counsel and the Attorney General filed letter briefs answering both questions.

Khoury's no contest plea limits the potential scope of his appeal to "constitutional, jurisdictional, or other grounds going to the legality of the proceedings," "[g]rounds that arose after entry of the plea and do not affect the plea's validity," or "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5." (Pen. Code, § 1237.5, subd. (a); Cal. Rules of Court, rule 8.304(b).) The record demonstrates no such issue exists. (See *People v. Mower* (2002) 28 Cal.4th 457, 474-475 [section 11362.775 provides limited immunity to charges of possession and cultivation of marijuana, an immunity that must be asserted by the defendant as a defense]; *People v. Marlin* (2004)

3

124 Cal.App.4th 559, 567 [by pleading no contest a defendant waives his right to assert defenses].)

We have examined the entire record and are satisfied that Khoury's counsel has fully complied with the responsibilities set forth in *People v. Kelly* (2006) 40 Cal.4th 106, 109-110 and *People v. Wende* (1979) 25 Cal.3d 436, 441.  No arguable issues exist.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                                        CHANEY, J.

We concur:


          MALLANO, P. J.


          JOHNSON, J.

4