Filed 7/30/13  P. v. Pickens CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H037756 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC806493) |
| v. | |
| CARL GLEN PICKENS, | |
| Defendant and Appellant. | |

Defendant Carl Glen Pickens was convicted of drug-related offenses.  He claims that a search warrant was defective and was inadequately reviewed by the magistrate who issued it, that he received ineffective assistance of counsel, and, in substance, that his marijuana cultivating was authorized by state law.

We find no reversible procedural errors or ineffective assistance of counsel and will affirm the judgment.

PROCEDURAL HISTORY AND FACTS

After a bench trial, the trial court convicted defendant of growing marijuana (Health & Saf. Code, § 11358) and possessing psilocybin mushrooms (see *id*., § 11377, subd. (a)).  He was sentenced to two years' formal probation, one condition of which was to serve a year in jail.

The prosecution theorized that defendant was engaged in marijuana cultivation beyond a quantity needed for medical reasons that might be authorized under state law. The defense contended that defendant was growing marijuana for his personal medical use in compliance with state law.

According to a police officer's search warrant affidavit, an investigation of defendant was triggered by a third party's complaint that defendant was growing marijuana at his house. The officer, according to his affidavit, visited a neighbor's house—it is not clear that the neighbor was the complainant, but the neighbor authorized the officer to come on the premises—and from that vantage point the officer could smell an odor of marijuana emanating from a structure attached to defendant's bedroom. The officer obtained a search warrant.

The officer testified at trial that 372 marijuana plants and a quantity of psilocybin mushrooms were found at defendant's house. Testifying as an expert, the officer offered opinions that defendant was growing a marijuana crop resulting in a 95-pound marijuana yield that could be generated three or four times a year, with an annual sales value of approximately one million dollars. Only a fraction of the likely yield was found in defendant's bedroom, suggesting that defendant was selling much of the marijuana he was cultivating.

On defendant's behalf, a medical doctor testified that he had recommended in 2002 and 2004 that defendant ingest marijuana to combat migraine headaches, insomnia, and psychological or neuropsychiatric problems. A teacher from the Cannabis Care Institute testified as an expert in marijuana production methods and usage patterns. He offered an opinion about the amount of usable cannabis defendant could have produced annually. Based on "the space and light available in this garden, [defendant] could have produced between 1.8 and 3.5 pounds of . . . usable cannabis" per harvest, for a maximum possible annual output of more than 11 pounds, assuming three harvests.

2

DISCUSSION

I.      *Challenges to the Validity of the Search Warrant*

Defendant claims that the affidavit for the search warrant was defectively written and that the magistrate must have failed to notice this defect before issuing the warrant. Specifically, defendant claims that the affidavit has an odd sentence construction and failed to describe the place to be searched with the requisite particularity.

The affidavit averred "that I do believe, that there is now located at **YOU ARE THEREFORE COMMANDED, in the daytime, to make search of SUNBERRY DRIVE, CAMPBELL, SANTA CLARA COUNTY, CALIFORNIA**, which premises consist of:  a single story residence on the east side of Sunberry Drive. . . .  The residence is off-white stucco, with a dark brown trim around the windows, rain gutters, and garage. White numbers 416 are affixed to the south side of the garage on the trim around the garage, the numbers 416 are also painted on the curb in front of the residence . . . .  The front yard of the residence is contained within a metal chain link fence approximately three feet in height around the perimeter.  A large makeshift outbuilding can be seen from the front of the residence on the south side yard of the residence . . . ."

The affidavit further averred, six pages later:  "I received a tip from a concerned citizen who wished to remain anonymous that the resident at 416 Sunberry Drive is cultivating marijuana in a makeshift outbuilding on the South side of the residence.  From a position [struck out: ~~I legally had the right to be in~~,] [handwritten: *adjacent to a Private Yard in which the owner gave me consent to be,* [initials]] I observed a large makeshift outbuilding on the South side of the residence. . . .  The outbuilding had a large vent . . . . I smelled the odor of fresh marijuana near this exhaust vent.  The concerned citizen advised that they commonly see bright lights coming from inside the building during all hours of the night."

Based on the affidavit, the magistrate issued a warrant ordering in relevant part: "**YOU ARE THEREFORE COMMANDED, in the daytime, to make search of 416**

**SUNBERRY DRIVE, CAMPBELL, SANTA CLARA COUNTY, CALIFORNIA**, which premises consist of: a single story resident on the east side of Sunberry Drive."

The Fourth Amendment to the United States Constitution requires that a search warrant "particularly describ[e] the place to be searched." Drafting errors in the description, however, may be tolerated in certain circumstances. "Whether the description was sufficient is a question of law, which a reviewing court decides independently." (*People v. Amador* (2000) 24 Cal.4th 387, 392.) We find no reversible error.

" 'Where one part of the description of the premises to be searched is inaccurate, but the description has other parts which identify the place to be searched with particularity, searches pursuant to such warrants have been routinely upheld.' " (*Id*. at p. 392.) In this case, the officer evidently invoked the paste function in a word-processing program with the cursor in the wrong place. But the paragraph as a whole, and the other part of the affidavit quoted above, made clear that the premises to be searched were 416 Sunberry Drive, defendant's residence. The magistrate was able to determine this and the search warrant ordered a search at that address. Defendant's claims fail.

II.     *Scope and Magnitude of Marijuana Cultivation*

Defendant next contends that the possession of marijuana at his home, without more, could not provide probable cause to justify a search, inasmuch as he might be cultivating it for medical reasons that have been legitimized under state law.

It remains, however, a crime in California to possess marijuana. (Health & Saf. Code, § 11357.) Medical justification is instead a defense that can be asserted under certain circumstances (*People v. Mower* (2002) 28 Cal.4th 457, 470), and "the burden of proving the foundational elements for a medical marijuana defense rests with the defendant." (*City of Garden Grove v. Superior Court* (2007) 157 Cal.App.4th 355, 373.) Here, the trial court, in announcing its judgment, stated that defendant's operation

4

involved quantities of marijuana "beyond that which is recognized as compassionate use under the Compassionate Use Act as a reasonable amount of marijuana." Substantial evidence supports that conclusion; in other words, a "rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 653.) Therefore, defendant's claim fails.

III. *Denial of New Trial Motion*

Next, defendant claims that the trial court erred in denying his new-trial motion (Pen. Code, § 1181). The motion was based on an assertion that counsel who represented defendant at the outset of the proceedings, and who was later replaced, rendered ineffective assistance.

Defendant rested his new-trial motion on underlying contentions that the "search warrant . . . was unintelligible as drafted and presented to the Court[ ] and . . . lacked probable cause for its issuance under California law." He argued that the magistrate could not have read the affidavit, at least not carefully; had the magistrate done so, he or she would have ordered the officer to correct it. Moreover, he argued, there was no probable cause to issue the warrant because probable cause requires more than the opinion of an experienced narcotics law enforcement officer that drugs are likely to be present. He also argued that the officer here executed an affidavit containing too many generalities, and that a magistrate should not issue a warrant resting in part on an averment that an officer smelled an illegal substance. Finally, he argued in his moving papers and at the hearing on the motion that effective counsel would have made these contentions in a timely manner, but prior counsel failed to do so.

The trial court denied the motion. It stated at the close of the hearing, "there was factually and legally enough probable cause from the search warrant process to allow the officers to make the observations. And to ask a magistrate for intervention by way of a search warrant . . . that has, in fact, targeted the exact address to search at 416 Sunberry Drive. [¶] So as far as the court is concerned, there is no error that could be justiciable

5

for [prior counsel] to pursue a motion to suppress. Therefore, in this challenge [prior counsel] did not sink below accepted standards of practice and . . . [the] motion for new trial is denied."

On appeal, defendant renews the argument that the affidavit was flawed and that prior counsel should have pressed the point with the trial court. He also argues that counsel was ineffective for failing to insist on a jury trial for him and that counsel executed poor strategy or tactics at various points.

Under the Sixth Amendment, a criminal defendant has the right to the effective assistance of counsel. (*People v. Ledesma* (1987) 43 Cal.3d 171, 215.) "The ultimate purpose of this right is to protect the defendant's fundamental right to a trial that is both fair in its conduct and reliable in its result." (*Ibid.*) A claim of ineffective assistance of counsel in violation of the Sixth Amendment entails deficient performance under an objective standard of professional reasonableness and prejudice under a test of reasonable probability of an adverse effect on the outcome. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694.)

" ' "Reviewing courts defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel [citation], and there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " [Citation.] "[W]e accord great deference to counsel's tactical decisions" [citation], and we have explained that "courts should not second-guess reasonable, if difficult, tactical decisions in the harsh light of hindsight" [citation]. "Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts." [Citation.]' " (*People v. Stanley* (2006) 39 Cal.4th 913, 954.)

As the foregoing quotation indicates, reviewing courts defer to reasonable tactical and strategic decisions, not inexplicable actions resulting in an adverse outcome. But we have already explained that the warrant affidavit was not so defective that a challenge to it would have succeeded. Pursuing the issue would have been fruitless. "Representation

6

does not become deficient for failing to make meritless objections." (*People v. Ochoa* (1998) 19 Cal.4th 353, 463.)  It follows that counsel's failure to pursue this question did not render his performance deficient.

As for counsel's failure to seek a jury trial for defendant, defendant does not identify any place in the record that discloses a reason for counsel's decision in this regard.  " 'As a general rule, "The reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment." [Citation.]  It is the duty of counsel to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal.' " (*People v. Wong* (2010) 186 Cal.App.4th 1433, 1446, fn. 9.)  This state of affairs renders defendant's claim unavailing unless counsel's action was both inexplicable and deleterious on its face, because "[i]f the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation, the claim on appeal must be rejected, and the claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding." (*People v. Vines* (2011) 51 Cal.4th 830, 876, internal quotation marks omitted.)

Counsel's action here was not inexplicable on its face.  Counsel could, for example, have noticed something about defendant's personality or attitudes that would make him unappealing to jurors (as opposed to a judge with more experience with crimes and criminal defendants).  Thus, defendant's claim fails.

IV.    *Denial of New Trial Motion*

Defendant next contends that the trial court misapplied *People v. Kelly* (2010) 47 Cal.4th 1008 (*Kelly*), in finding that the amount of plants defendant cultivated exceeded that which could be reasonably permitted under the Compassionate Use Act (CUA) of 1996 (Prop. 215, § 1, as approved by electors, Gen. Elec. (Nov. 5, 1996) adding Health & Saf. Code, § 11362.5).  The trial court considered *Kelly* and determined that the amount

7

defendant cultivated was more than what could be reasonably related to his medical needs. We conclude that the trial court was correct.

In *Kelly*, the Court held that any limitation on the amount of medical marijuana that may be possessed by a qualified patient under the CUA cannot be set by the Legislature. (*Kelly*, *supra*, 47 Cal.4th at pp. 1012, 1043.) At the same time, however, *Kelly* stated that the amount that may be possessed is a quantity reasonably related to the patient's current medical needs. (*Id.* at pp. 1013, 1049.)

In stating the basis for its decision to convict defendant of illegal marijuana cultivation (Health & Saf. Code, § 11358), the trial court here found that the "amount and quantity . . . was substantial," with "an extraordinary number of plants involved," and that defendant's operation was therefore "beyond that which is recognized under the Compassionate Use Act as a reasonable amount of marijuana." These findings are supported by substantial evidence. In other words, a "rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (*People v. Gonzalez*, *supra*, 54 Cal.4th at p. 653.) Defendant was growing a crop that could yield 95 pounds of marijuana and could do so three or four times a year, with a street value in the range of $1 million. For this reason, defendant's claim fails.

V.     *Cumulative Error*

Defendant titles his fifth claim, "the trial court committed prejudicial error by not permitting appellant to suppress evidence or to augment the record." In substance, he repeats claims I through IV above and embellishes them with complaints about the conduct of the reporting party and the police. We interpret this claim as a claim of cumulative error.

A claim of cumulative error is in essence a due process claim and is often presented as such (see, e.g., *People v. Rogers* (2006) 39 Cal.4th 826, 911). "The 'litmus test' for cumulative error 'is whether defendant received due process and a fair trial.' " (*People v. Cuccia* (2002) 97 Cal.App.4th 785, 795.)

8

We have found no error in claims I through IV above; thus, there is no error to accumulate. In addition, there is no question that the trial was fair for purposes of the due process guaranty.

VI.     *Claim of Abuse of the CUA in Santa Clara County for Forfeiture Gains*

Defendant's sixth claim is a bill of particulars against the justice system in general and people he believes have improperly persecuted him in particular. At no point in his detailed recitation is there a discernable legal claim that this court can address. Furthermore, the entire five and one-half pages of defendant's discussion—which the Attorney General accurately characterizes as a "rambling . . . gallimaufry"—is in violation of the California Rules of Court governing appellate briefs because the brief contains no citation to the record or to any legal authority. (Cal. Rules of Court, rule 8.204(a)(1)(B), (C).) An appellate court is not required to search the record in order to discover support for the litigant's position. (*In re S.C.* (2006) 138 Cal.App.4th 396, 406.) A party's failure to support its argument with appropriate citations to the record may have its brief stricken and its argument deemed forfeited. (*Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743.) Likewise, an appellate court may treat as forfeited any legal argument for which there is no citation of authorities for the point made. (*People v.Stanley* (1995) 10 Cal.4th 764, 793.) We are not required to address undeveloped claims or ones that are inadequately briefed. (*People v. Miralrio* (2008) 167 Cal.App.4th 448, 452, fn. 4.) Therefore, any claim of error in the last section of defendant's opening brief is forfeited.

Notwithstanding defendant's noncompliance with the Rules of Court, to the extent that defendant attempts to assert that forfeiture is improper under state medical marijuana

laws, the claim is unsuccessful.[1]  A California jurisdiction "no doubt has every right to retain a defendant's marijuana if it is pursuing a marijuana-related prosecution against him, or if the defendant's possession does not comport with the CUA.  In those situations, the law clearly contemplates the destruction of the subject marijuana."  (*City of Garden Grove v. Superior Court*, *supra*, 157 Cal.App.4th at p. 388; see also *Littlefield v. County of Humboldt* (Jun. 28, 2013, A135628) ___ Cal.App.4th ___ [2013 Cal. App. Lexis 589].)

DISPOSITION

The judgment is affirmed.

_____

Márquez, J.

WE CONCUR:

_____

Rushing, P. J.

_____

Grover, J.

---

[1] In the heading of the last section of his brief, defendant argues:  California's CUA "is being thwarted in Santa Clara County by an improper federal-law-based interpretation of search and seizure law in order to further an agenda of forfeiture . . . ."  (Capitalization and emphasis omitted.)