Filed 11/20/19

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | B295298 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA138509) |
| v. | |
| CARL EDWARD CUTTING, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Los Angeles County. Michael A. Cowell, Judge. Reversed with directions.

Maggie Shrout, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Stephanie A. Miyoshi and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Carl Edward Cutting appeals the sentence imposed following remand for resentencing with the direction that the trial court strike a nine-year enhancement imposed under Health and Safety Code[1] section 11370.2, subdivision (a). Cutting contends he is entitled to a new sentencing hearing because he was not present when the trial court resentenced him, in violation of his constitutional and statutory rights. We agree. Cutting's absence from the resentencing hearing constitutes federal constitutional error requiring reversal unless the People demonstrate the error was harmless beyond a reasonable doubt. They have not done so, and we cannot conclude beyond a reasonable doubt that Cutting's presence at resentencing would not have influenced the trial court's exercise of its discretion, thus affecting the outcome. The matter is therefore remanded to the trial court to conduct a new resentencing hearing at which Cutting must be present unless he waives the right pursuant to Penal Code section 1193.

**PROCEDURAL BACKGROUND**

A four-count information charged Cutting with (1) possession for sale of a controlled substance in violation of Health and Safety Code section 11351; (2) possession of a firearm by a felon in violation of Penal Code section 29800, subdivision (a)(1); (3) possession of ammunition in violation of Penal Code section 30305, subdivision (a)(1); and (4) child abuse in violation of Penal Code section 273a, subdivision (a). Cutting entered an open plea of no contest or guilty to each of the four charged

---

[1] Undesignated statutory references are to the Health and Safety Code.

counts. He also admitted three prior convictions for violations of Health and Safety Code sections 11378 (possession of controlled substance for sale) and 11379 (transportation of controlled substance), and two prior convictions under Penal Code sections 118 (perjury) and 459 (burglary).

As part of his open plea, Cutting was advised that his maximum statutory sentence for the counts to which he pleaded was 21 years 8 months plus 8 months for a probation violation. The trial court imposed an aggregate sentence of 19 years plus 8 months for the probation violation. The sentence included a nine-year enhancement under section 11370.2, subdivision (a), composed of three enhancements of three years each for Cutting's three prior convictions under sections 11378 and 11379. The court also ordered a total of 12 years on the remaining counts to run concurrently with the base term.

Cutting appealed his sentence on the ground that a change in the law which became effective after Cutting was sentenced precluded imposition of the nine-year enhancement based on the prior convictions under sections 11378 and 11379. We agreed, reversed the sentence, and remanded with directions that the trial court strike the enhancements and resentence Cutting in light of all the relevant factors, including the changed legal landscape with respect to the section 11370.2 enhancements. (*People v. Cutting* (Aug. 13, 2018, B284539 [nonpub. opn.].)

The trial court appointed Cutting's trial counsel to represent him on remand. Trial counsel advised the court that, because the postremand sentence would be less than the original sentence, Cutting's presence at the resentencing hearing was not required by law.

3

At resentencing on December 19, 2018, the trial court noted that Cutting was not present because he was in state prison, but he was represented by counsel. Defense counsel requested the identical sentence the court had previously imposed minus the nine-year enhancement, for an aggregate sentence of 10 years 8 months. The People asked the court to impose consecutive time on the counts that were previously sentenced concurrently with the base term.

The court noted that it had originally reduced Cutting's maximum possible sentence by two years by sentencing the counts concurrently. But because Cutting's sentence on remand was already being reduced by nine years based on the change in the law, the court refused "to knock an additional two years off" by again sentencing the subordinate counts concurrently. Accordingly, the court imposed an aggregate sentence of 12 years 8 months, consisting of the base term of 10 years, plus 2 years 8 months consecutive on the remaining counts (one-third the midterm for each of three counts).

## DISCUSSION

### I. Cutting Had a Constitutional Right to Be Present at Resentencing

" 'A criminal defendant's right to be personally present at trial is guaranteed under the federal Constitution by the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment. It is also required by section 15 of article I of the California Constitution and by [Penal Code] sections 977 and 1043.' " (*People v. Blacksher* (2011) 52 Cal.4th 769, 798–799; *People v. Bradford* (1997) 15 Cal.4th 1229, 1356–1357.) The defendant's federal constitutional right to be personally present at trial extends to "all critical stages of the

4

criminal prosecution, i.e., 'all stages of the trial where his absence might frustrate the fairness of the proceedings' [citation], or 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.' " (*People v. Rodriguez* (1998) 17 Cal.4th 253, 260 (*Rodriguez*); *People v. Cole* (2004) 33 Cal.4th 1158, 1230; *People v. Virgil* (2011) 51 Cal.4th 1210, 1234.)

Sentencing is considered to be one such critical stage (*People v. Doolin* (2009) 45 Cal.4th 390, 453; *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 110 (*Fedalizo*)), and, because the trial court has discretion to reconsider the entire sentence on remand, resentencing is another critical stage.  (*Rodriguez, supra,* 17 Cal.4th at p. 257 ["The People . . . do 'not dispute that a defendant has an absolute right to be present at a sentence modification hearing and imposition of sentence' "]; *People v. Simms* (2018) 23 Cal.App.5th 987, 996 (*Simms*) [defendant's right to be personally present "extends to sentencing and resentencing proceedings"]; see *People v. Rouse* (2016) 245 Cal.App.4th 292, 300 [where court is expected to exercise its sentencing discretion and restructure the entire sentencing package, the proceeding is properly characterized as a critical stage].)

In light of these principles, Cutting contends he was entitled to be present at the December 19, 2018 resentencing hearing.  He did not waive his right to be present, and his lawyer did not represent to the court that he had surrendered it.  (See *Fedalizo, supra,* 246 Cal.App.4th at p. 110 ["absent defendant must authorize the acts of his counsel," but court may rely on counsel's representation that defendant is knowingly absent].)  We conclude that the trial court erred in proceeding with

5

resentencing in Cutting's absence and without a valid waiver of his right to be present.

## II. Cutting's Absence from the Resentencing Hearing Cannot Be Deemed Harmless Beyond a Reasonable Doubt

Because the trial court's error resulted in a violation of Cutting's federal constitutional right to be present at a critical stage of the proceedings, we review the error under *Chapman v. California* (1967) 386 U.S. 18, 23 (*Chapman*), to determine if it was harmless beyond a reasonable doubt. (*People v. Mendoza* (2016) 62 Cal.4th 856, 902 [" 'Under the federal Constitution, error pertaining to a defendant's presence is evaluated under the harmless-beyond-a-reasonable-doubt standard set forth in *Chapman'* "]; *People v. Davis* (2005) 36 Cal.4th 510, 532 [same].) Under that standard, the error "may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding." (*Simms*, *supra*, 23 Cal.App.5th at p. 998; *People v. Rutterschmidt* (2012) 55 Cal.4th 650, 661 [federal constitutional error requires reversal of the judgment "unless the prosecution can show 'beyond a reasonable doubt' that the error was harmless"].)

Respondent contends that the *Watson*[2] harmless error analysis applies to Cutting's involuntary absence from the resentencing hearing in this case. According to respondent, under that standard Cutting's claim lacks merit because he fails

---

[2] *People v. Watson* (1956) 46 Cal.2d 818, 836.

to demonstrate any prejudice from his absence at the hearing.[3]
The People, however, fundamentally misapprehend their burden
on appeal: Under the *Chapman* harmless error standard, the
burden is on the People, not the defendant, to demonstrate that
the violation of the defendant's federal constitutional right was
harmless beyond a reasonable doubt. (*Chapman, supra*, 386 U.S.
at p. 24; *People v. Mower* (2002) 28 Cal.4th 457, 484 [*Chapman*
standard "requires the People, in order to avoid reversal of the
judgment, to 'prove beyond a reasonable doubt that the error . . .
did not contribute to the verdict obtained' "]; *People v. Stritzinger*
(1983) 34 Cal.3d 505, 520 ["The burden is on the beneficiary of
the error 'either to prove that there was no injury or to suffer a
reversal of his erroneously obtained judgment' "].)

Respondent's reliance on *People v. Hines* (1997) 15 Cal.4th
997, 1038–1039, and *In re Jesusa V.* (2004) 32 Cal.4th 588, 625
(*Jesusa*), is misplaced. Neither of these cases implicated a
criminal defendant's federal constitutional right to be personally
present at a critical stage of the trial as is the case here. *Hines*
did not involve sentencing proceedings, and the court found none

---

[3] Respondent would be correct if the resentencing in this
case were not a critical stage and the violation of Cutting's right
to be personally present were not a federal constitutional error.
A violation of a criminal defendant's right to be present under the
California Constitution and his statutory rights under Penal
Code sections 977 and 1043 "is state law error only, and therefore
is reversible only if ' "it is reasonably probable that a result more
favorable to the appealing party would have been reached in the
absence of the error." ' " (*People v. Davis, supra*, 36 Cal.4th at
pp. 532–533; *People v. Blackburn* (2015) 61 Cal.4th 1113, 1132.)

of the proceedings conducted in the defendant's absence impaired his right to defend against the charges. (*Hines*, at p. 1039.) Accordingly, because the defendant's federal constitutional right to be present was not implicated, the issue was subject to *Watson* harmless error analysis.

*Jesusa* also did not involve a criminal defendant's right to be personally present at sentencing proceedings as a matter of federal constitutional law, but rather an incarcerated father's challenge to the juvenile court's adjudication of a dependency petition in the father's absence. (*Jesusa, supra*, 32 Cal.4th at p. 596.) Specifically noting that the father's "presence was neither constitutionally required nor mandated by [the court's] rules," the high court analogized the denial of the father's right to be present under Penal Code section 2625 to a criminal defendant's right to be present at trial under Penal Code sections 977 and 1043. (*Jesusa*, at p. 624.) Applying a state-law harmless error standard, the court found the juvenile court's adjudication of the dependency petition in the father's absence to be harmless. (*Id.* at pp. 596, 624–625.)

Our Supreme Court has "held that when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) Thus, in remanding this case for resentencing, we directed the trial court to strike the enhancements under section 11370.2, but we specifically left "to the trial court to determine the appropriate sentence in light of all the relevant factors, including the changed legal landscape with respect to the section 11370.2 enhancements." Accordingly, the trial court had jurisdiction to

8

modify *every* aspect of the sentence, not just the imposition of the enhancements, and in resentencing Cutting, the court could consider " 'any pertinent circumstances which have arisen since the prior sentence was imposed' " in exercising its discretion. (*Buycks*, at p. 893; Pen. Code, § 1170, subd. (d)(1).)

Here, Cutting may have offered mitigating factors that arose after his original sentencing; he may have expressed remorse; he may have made a plea for leniency. (See Pen. Code, § 1170, subd. (d)(1).) While the trial court may or may not have chosen to believe what Cutting might have said, if he said anything, we cannot conclude beyond a reasonable doubt that his presence at the hearing would not have affected the outcome. (See *Simms*, *supra*, 23 Cal.App.5th at p. 998; see also *Rodriguez*, *supra*, 17 Cal.4th at p. 258 ["[t]he evidence and arguments that might be presented on remand cannot justly be considered 'superfluous,' because defendant and his counsel have never enjoyed a full and fair opportunity to marshal and present the case supporting a favorable exercise of discretion"].) In short, "remand is necessary to ensure proceedings that are just under the circumstances, namely, a hearing at which both the People and defendant may be present and advocate for their positions." (*People v. Rocha* (2019) 32 Cal.App.5th 352, 360.)

9

## DISPOSITION

The judgment following resentencing is reversed, and the matter is remanded.  The trial court is ordered to conduct a new resentencing hearing at which Cutting is present unless he waives his presence in accordance with Penal Code section 1193.

CERTIFIED FOR PUBLICATION.


LUI, P. J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.