Filed 6/8/21  P. v. Garcia CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ADRIAN GARCIA,<br><br>    Defendant and Appellant. | F077990<br><br>(Super. Ct. No. 17CR04410D)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Carol K. Ash, Judge.

Kevin J. Lindsley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Jennifer Oleksa, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Adrian Garcia was convicted for his role in a gang-related assault with a deadly weapon occurring in jail (Pen. Code,[1] §§ 245, subd. (a)(1) & 186.22, subd. (b)).  On

---

[1] All statutory references are to the Penal Code.

appeal, he contends the court's jury instruction describing an uncharged conspiracy erroneously lowered the prosecution's burden of proof.

The People concede both error and prejudice. We accept the concessions and will reverse the judgment.[2]

## BACKGROUND

**Charges**

The Merced County District Attorney charged Garcia with three crimes: Attempted murder (§§ 187 & 664, Count 1), assault with a deadly weapon (§ 245, subd. (a)(1), Count 2), and possessing a weapon in jail (§ 4502, subd. (a), Count 3). It was also alleged the crimes were gang-related (§ 186.22, subd. (b)) and the victim suffered great bodily injury (§ 12022.7, subd. (a)).

**Trial Evidence[3]**

The victim testified he was attacked by several other men he was housed with in jail.[4] He suffered significant injuries including "numerous small puncture wounds" across his back. He identified Garcia as one of his assailants but was unaware if Garcia utilized a weapon in the attack.

**Verdict and Sentence**

Garcia was convicted of assault with a deadly weapon (Count 2) but acquitted of attempted murder and possessing a weapon (Counts 1 and 3). The gang-related crime and great bodily injury enhancements were found true. He was sentenced to serve 11 years eight months in prison.[5]

---

[2] Additional claims related to fines and restitution are moot.

[3] Much of the evidence is not relevant to the issues on appeal. Our summary is appropriately confined to the issues presented.

[4] Five other men were charged for the same crimes.

[5] Part of the sentence was due to a conviction in a second case.

## DISCUSSION

The jury was instructed Garcia was guilty if he 1) directly committed a crime, 2) aided and abetted a crime, or 3) a co-conspirator committed a crime to further an uncharged conspiracy to commit murder. Only the conspiracy instruction is at issue.

Garcia argues the instruction failed to adequately describe the elements necessary to prove assault with a deadly weapon. The People agree and concede prejudice. We agree on both accounts.

## I. Instructional Error

To explain the uncharged conspiracy theory, the court instructed the jury with the following relevant language:

> "To prove that the defendant is guilty of the crimes charged in Count[s] 1, 2 and 3, the People must prove that:
>
> 1. The defendant conspired to commit [murder];
>
> 2. A member of the conspiracy committed an assault and/or possessed a sharp instrument to further the conspiracy;
>
> AND
>
> 3. Committing an assault and/or possessing a sharp instrument was a natural and probable consequence of the common plan or design of the crime the defendant conspired to commit."[6]

Conspicuously, the instruction does not define, identify, or otherwise describe assault with a deadly weapon.

Neither assault nor possession of a sharp instrument constitutes assault with a deadly weapon. Even assault combined with simultaneous weapon possession does not equal assault with a deadly weapon. Assault with a deadly weapon requires utilizing the

---

[6] Conspiracy and natural and probable consequences were defined elsewhere in the instructions.

weapon in a manner likely to cause injury. (*People v. Marsh* (2019) 37 Cal.App.5th 474, 484; § 245, subd. (a)(1).) The uncharged conspiracy instruction in this case errs because it inadequately explains assault with a deadly weapon.

## II. Prejudice

Alternative-theory error occurs "when a court instructs on [multiple] theories of guilt, one [or more] correct, and the other[s] incorrect." (*People v. Aledamat* (2019) 8 Cal.5th 1, 7.) When the error is legal, a "reviewing court must reverse the conviction unless, after examining the entire cause, including the evidence, and considering all relevant circumstances, it determines the error was harmless beyond a reasonable doubt." (*Id.* at p. 13.) The court's review is not limited to "an examination of the jury's findings as reflected in the verdict itself …." (*Ibid.*) The People bear the burden "to 'prove beyond a reasonable doubt that the error … did not contribute to the verdict obtained.' " (*People v. Mower* (2002) 28 Cal.4th 457, 484.)

The People concede prejudice. We are obliged to agree. The People bear the burden to prove the error was harmless but make no effort to discharge the burden. In any event, were we to examine the record we would find no steadfast basis upon which to conclude the error in this case was harmless beyond a reasonable doubt.[7]

---

[7] The People may retry Garcia upon remand.

## **DISPOSITION**

The judgment is reversed.

SNAUFFER, J.

WE CONCUR:

LEVY, Acting P.J.

POOCHIGIAN, J.

5.