Filed 5/31/16; pub. order 6/24/16 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE ex rel. MICHAEL N. FEUER, as City Attorney, etc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> PROGRESSIVE HORIZON, INC., et al., <br><br> Defendants and Appellants. | B263622 <br><br> (Los Angeles County Super. Ct. No. BC551645) |

APPEAL from orders of the Superior Court of Los Angeles County.  Joanne O'Donnell, Judge.  Affirmed.

Richard H. Gordon, Kiana Sloan-Hillier, and Joel R. Isaacson for Defendants and Appellants.

Michael N. Feuer, City Attorney, Asha Greenberg, Assistant City Attorney, Anh Truong, Assistant Supervising Deputy City Attorney, and Ryan Borho, Deputy City Attorney, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \*

Because of the proliferation of medical marijuana businesses in the City of Los Angeles (City), in 2013, City voters approved the Medical Marijuana Regulation and Taxation Ordinance (Proposition D). (L.A. Mun. Code, § 45.19.6 et seq.) Proposition D bans medical marijuana businesses, but grants certain qualifying businesses a limited immunity from enforcement of the ordinance. Immune medical marijuana businesses may continue their operations if they comply with the numerous restrictions enumerated in Proposition D. (§ 45.19.6.3.) Among Proposition D's requirements for limited immunity is that a medical marijuana business "identify . . . its Managers to the City Clerk by October 31 of each year and . . . publicly display at the location of the medical marijuana business the results of an annual LAPD LiveScan background check to be completed by January 31 of each year." (§ 45.19.6, subd. M.)[1]

Defendant Progressive Horizon, Inc. (Progressive), is a medical marijuana business, claiming the privilege of Proposition D's limited immunity. Michael Feuer, as attorney for the City, and on behalf of the People, filed a complaint against Progressive and defendant James Chingming Chen, Progressive's director and CEO, to abate a public nuisance, for injunctive relief, and for civil penalties, based on defendants' violation of Proposition D, and sought a preliminary injunction barring defendants from operating their medical marijuana business. The trial court granted the preliminary injunction, finding that defendants had not complied with Proposition D's LiveScan requirement. (L.A. Mun. Code, § 45.19.6.3, subd. M.) The trial court later denied defendants' motion to dissolve the injunction, after defendants attempted to demonstrate they had "cured" their violation of Proposition D's LiveScan requirement. The trial court concluded that defendants' violation of Proposition D excluded them from limited immunity under the ordinance.

On appeal, defendants ask us to overturn the injunction, and contend the trial court erroneously denied their motion to dissolve the injunction. Because defendants did not

---

[1]     A LiveScan is a fingerprint background check processed by the California Department of Justice. (See https://oag.ca.gov/fingerprints.)

timely appeal the order granting the injunction, the only issue before us is whether the trial court erred in denying the motion to dissolve the injunction. Defendants' argument for reversal turns on whether Proposition D allows a medical marijuana business which fails to comply with the ordinance to have limited immunity under the ordinance. We find that it does not, and affirm the orders below.

**FACTS**

On July 15, 2014, the People filed this lawsuit alleging that defendants' medical marijuana business was a nuisance and violated Los Angeles Municipal Code section 12.21, section 12.24 and section 45.19.6.2; Civil Code section 3480; and Business and Professions Code section 17200. Contemporaneous with the filing of the complaint, the People sought an order to show cause (OSC) regarding preliminary injunction. The People argued (among other arguments not relevant here) that defendants did not meet the limited immunity requirements of Proposition D, as they did not complete LiveScans for their managers by the deadline of January 31, 2014, as required by subdivision M of Los Angeles Municipal Code section 45.19.6.3. Therefore, the People argued that the operation of defendants' medical marijuana business constituted a public nuisance, and that defendants should be enjoined from operating their business.

Defendants Progressive and Mr. Chen opposed the request for a preliminary injunction, arguing that Progressive timely submitted the names of its then-managers to the City by October 31, 2013, but that Progressive's management changed after its submission. Nevertheless, before January 31, 2014, Progressive's new managers *requested* LiveScans. (The opposition did not contend that all of Progressive's managers had actually submitted their fingerprints for a LiveScan check or that the results of the LiveScans were publicly displayed by January 31, 2014.) Defendants argued that any failure to comply with subdivision M should not permanently bar them from eligibility for immunity under Proposition D. They also argued that the injunction would result in irreparable harm to defendants and their members.

On August 27, 2014, the trial court held a hearing on the OSC. The court granted the injunction in part, enjoining Progressive from conducting its medical marijuana

3

business, finding that defendants "failed to abide by the requirements for limited immunity under LAMC § 45.19.6.3 (M) and that their operation of a medical marijuana business in any form is an unpermitted land use, and therefore a public nuisance subject to abatement by injunction. LAMC § 11.00 (1); Civil Code § 3491." The court entered the order granting the injunction on September 17, 2014. Defendants did not appeal the order granting the injunction.

On February 27, 2015, defendants filed a motion to "Modify, Rescind, or Overturn [the] Preliminary Injunction." The motion argued that "[a]t the time the Court issued the Preliminary Injunction, apart from the LiveScan issue, Progressive qualified for limited immunity under Prop D. As set forth in the Declarations attached to these moving papers, Progressive has resolved the LiveScan issue and now fully qualifies for limited immunity. Consequently, Progressive seeks by this Motion an Order modifying, rescinding, or overturning the Preliminary Injunction."

The motion also argued that the ends of justice would be served by the modification because Progressive employed eight people, served 6,000 qualified patients, and was at risk of losing its commercial lease.

Defendant Adam Agathakis, Progressive's manager and CFO (who is not a party to this appeal), and defendant Mr. Chen, as Progressive's manager and CEO, submitted declarations in support of the motion. Mr. Agathakis averred that on October 31, 2014, Progressive submitted its manager list to the City identifying Mr. Agathakis, Mr. Chen, and Robert Vittorio as Progressive's managers. This list was amended on November 3, 2014, to remove Mr. Vittorio. LiveScan approval letters for both Mr. Agathakis and Mr. Chen were received from the Los Angeles Police Department in December 2014, and were displayed at Progressive's location in advance of the January 31, 2015 deadline.

In opposition, the People argued that defendants did not comply with the requirements of Proposition D in 2013 and 2014, and therefore they did not qualify for limited immunity under the law, and that allowing belated compliance to restore their immunity would circumvent the purposes of Proposition D.

4

The motion was heard on March 27, 2015. The trial court concluded that because defendants violated Proposition D in 2013 and 2014, they were ineligible for limited immunity. The court reasoned that "a violation of any of the business restrictions [in Proposition D] acts as a continual bar to immunity under Proposition D."

On April 23, 2015, defendants filed a notice of appeal from the court's March 27, 2015 order.

## DISCUSSION

### 1. Scope of Appeal

Defendants make numerous arguments of error on appeal, many of which focus on the order *granting* the preliminary injunction. However, defendants did not timely appeal that order. (Code Civ. Proc., § 904.1, subd. (a)(6) [orders granting injunctions are appealable]; Cal. Rules of Court, rule 8.104(a)(1) [notice of appeal must be filed on or before the earliest of 60 days following notice of entry of judgment or 180 days after entry of judgment].) Because defendants did not appeal the order granting the preliminary injunction, the only issue before us is whether the trial court erred when it denied defendants' motion to dissolve the injunction based on defendants' belated compliance with the LiveScan requirement of Proposition D in 2015 after having failed to comply in 2013 and 2014. (Code Civ. Proc., § 904.1, subd. (a)(6) [orders refusing to dissolve injunctions are appealable]; *Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1084 [When appealing an order denying a motion to dissolve an injunction, defendants are foreclosed from raising issues which could have been raised in an appeal from the order granting the injunction. Only matters based on new facts and law addressed in the motion to dissolve the injunction may be raised on appeal].)

### 2. Regulation of Medical Marijuana and Proposition D

Generally, the State of California prohibits the cultivation, possession, use, and distribution of marijuana. (See Health & Saf. Code, §§ 11357-11361, 11366, 11366.5, 11570.) However, in 1996, California voters adopted the Compassionate Use Act (§ 11362.5). The goal of the Compassionate Use Act was to ensure "that Californians who obtain and use marijuana for specified medical purposes upon the recommendation

5

of a physician are not subject to certain criminal sanctions." (*People v. Wright* (2006) 40 Cal.4th 81, 84; *People v. Mower* (2002) 28 Cal.4th 457.)

In 2003, the Legislature enacted the Medical Marijuana Program. (Health & Saf. Code, §§ 11362.7-11362.83.) The Medical Marijuana Program addressed issues not addressed in the Compassionate Use Act, giving certain individuals, such as qualified patients and caregivers, an affirmative defense to prosecution for cultivating, transporting, and selling marijuana under specified conditions. (Health & Saf. Code, § 11362.765; *People v. Wright*, *supra*, 40 Cal.4th at p. 85.) Neither the Compassionate Use Act nor the Medical Marijuana Program, however, eliminated the authority of local governments to regulate, or even ban, medical marijuana dispensaries within their localities. (*City of Riverside v. Inland Empire Patients Health & Wellness Center, Inc*. (2013) 56 Cal.4th 729, 738.)

In 2013, City voters approved such a regulatory measure, Proposition D. (L.A. Mun. Code, § 45.19.6 et seq.). Proposition D was enacted in response to "a proliferation of medical marijuana establishments citywide" with the hope that "[r]egulations governing their number, location, and operation may protect residents, businesses, and patients from potential adverse impacts." (Ballot Pamp., Gen. Elec. (May 21, 2013) p. 14.) Proposition D "prohibits medical marijuana businesses, but . . . grants a limited immunity from the enforcement of its prohibition to those medical marijuana businesses that do not violate the restrictions set forth in [the] ordinance . . . ." (L.A. Mun. Code, § 45.19.6.) The purpose of the ordinance is to "stem the negative impacts and secondary effects associated with the ongoing medical marijuana businesses in the City . . . ." (*Ibid.*) Under Proposition D, it is "unlawful to own, establish, operate, use, or permit the establishment or operation of a medical marijuana business, or to participate as an employee, contractor, agent or volunteer, or in any other manner or capacity in any medical marijuana business." (§ 45.19.6.2, subd. A.)

Although Proposition D bans all medical marijuana businesses, it does grant limited immunity from prosecution under Los Angeles Municipal Code sections 11.00 (code violations) and 12.27.1 (administrative nuisance abatement) to some

medical marijuana businesses. The limited immunity extends "only [to] a medical marijuana business at the one location identified in its original or any amended business tax registration certificate issued by the City, and only if that medical marijuana business does not violate any of the medical marijuana business restrictions" set forth in subdivisions A through D and G through O of Los Angeles Municipal Code section 45.19.6.3. (§ 45.19.6.3.) Section 45.19.6.3 also provides that "[t]he limited immunity provided by this Section shall not be available to and shall not be asserted as an affirmative defense to any violation of law except as expressly set forth in this Article."

Among the relevant business restrictions of Proposition D is subdivision M, which provides that "[e]very medical marijuana business is prohibited that fails to identify by name and residence address each of its Managers to the City Clerk by October 31 of each year and whose Managers fail to successfully pass and publicly display at the location of the medical marijuana business the results of an annual LAPD LiveScan background check to be completed by January 31 of each year. A failed LAPD LiveScan is a LiveScan that includes any felony conviction within the past ten years and/or current parole or probation for the sale or distribution of a controlled substance." (L.A. Mun. Code, § 45.19.6.3, subd. M.)

3.    Analysis

"[T]he court may . . . modify or dissolve an injunction . . . upon a showing that there has been a material change in the facts upon which the injunction . . . was granted, that the law upon which the injunction . . . was granted has changed, or that the ends of justice would be served by the modification or dissolution of the injunction . . . ." (Code Civ. Proc., § 533.) We generally review the trial court's order denying a motion to dissolve an injunction for abuse of discretion. (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1505.) However, pure questions of law, such as the interpretation of a statute, are reviewed de novo. (*420 Caregivers, LLC v. City of Los Angeles* (2012) 219 Cal.App.4th 1316, 1331.)

"In interpreting an ordinance or a voter initiative, we rely on the same rules of statutory construction applicable to statutes." (*Woodland Park Management, LLC v. City*

*of East Palo Alto Rent Stabilization Bd.* (2010) 181 Cal.App.4th 915, 919.) " ' "In construing a statute, our task is to determine the Legislature's intent and purpose for the enactment. [Citation.] We look first to the plain meaning of the statutory language, giving the words their usual and ordinary meaning. [Citation.] If there is no ambiguity in the statutory language, its plain meaning controls; we presume the Legislature meant what it said. [Citation.] . . ." [Citations.] We examine the statutory language in the context in which it appears, and adopt the construction that best harmonizes the statute internally and with related statutes. [Citations.]' [Citation.] In addition, we may examine the statute's legislative history. [Citation.]" (*People v. Whitmer* (2014) 230 Cal.App.4th 906, 917.)

Defendants do not dispute that they were in violation of Proposition D's LiveScan requirements at the time the preliminary injunction was granted. Clearly, Progressive's failure to timely submit its managers for LiveScans, and to publicly display results by January 31, 2014, violated subdivision M of Los Angeles Municipal Code section 45.19.6.3. Defendants argue that the violation was merely "technical," and should not result in a "permanent loss of immunity" under Proposition D. Defendants argue that permanent disqualification is an "absurd result."

Proposition D is quite clear. The ordinance provides that "[e]very medical marijuana business *is prohibited* that fails to" comply with subdivision M. (L.A. Mun. Code, § 45.19.6.3, subd. M, italics added.) It also provides that the "limited immunity is available and may be asserted as an affirmative defense . . . only if that medical marijuana business does not violate any of the . . . medical marijuana business restrictions" identified by section 45.19.6.3, including subdivision M. (§ 45.19.6.3.) Section 45.19.6.3 also provides that "[t]he limited immunity provided by this Section shall not be available to and shall not be asserted as an affirmative defense to any violation of law except as expressly set forth in this Article."

The ordinance does not provide that immunity, once lost, may be restored. It provides that a business not complying with the ordinance *is* prohibited, and that the immunity is only available to businesses that do not violate the ordinance. (L.A. Mun.

8

Code, § 45.19.6.3.)  Progressive is such a business.  Proposition D was enacted to curtail the proliferation of medical marijuana businesses, therefore, the loss of immunity for noncompliance with the act is not "absurd."

## DISPOSITION

The orders are affirmed.  Respondent is to recover its costs on appeal.


GRIMES, J.


WE CONCUR:

BIGELOW, P. J.


FLIER, J.

9

Filed 6/24/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE ex rel. MICHAEL N. FEUER, as City Attorney, etc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> PROGRESSIVE HORIZON, INC., et al., <br><br> Defendants and Appellants. | B263622 <br><br> (Los Angeles County <br> Super. Ct. No. BC551645) <br><br> **ORDER CERTIFYING** <br> **OPINION FOR PUBLICATION** <br><br> [NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion in the above-entitled matter filed on May 31, 2016, was not certified for publication in the Official Reports.  For good cause, it now appears that the opinion should be published in the Official Reports and it is so ordered.

There is no change in the judgment.

_____

BIGELOW, P. J.                     FLIER, J.                     GRIMES, J.

10