Filed 6/26/24  R.J. v. J.S. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| R.J., | C098275 |
| Plaintiff and Respondent, | (Super. Ct. No. FL21016904) |
| v. | |
| J.S., | |
| Defendant and Appellant. | |

Stepfather R.J. sought an elder abuse restraining order against stepson J.S.  The trial court entered an order prohibiting stepfather and stepson from contacting or demeaning each other and requiring them to stay away from each other's residences and places of work.  Stepson never appealed that order.  Instead, he filed a motion to terminate the order several months later.

Stepson appeals the denial of his termination motion, contending the order should never have been granted because it was procedurally flawed, lacked supporting evidence, and was a product of judicial bias.  Alternatively, he contends the order should have been

terminated because it caused him to fail an employment-based security clearance. We conclude stepson presents non-reviewable issues and fails to show judicial bias or an abuse of discretion. Thus, we affirm the trial court's denial of his motion.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2021, stepfather requested a restraining order against stepson (first restraining order request) under the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.). Stepfather claimed stepson woke him up at 1:30 in the morning, yelled at him, called him a liar, and stated stepfather needed to pay stepson money out of the landlord pandemic assistance stepfather was receiving. Stepson's demeanor while at stepfather's house also scared stepfather. Stepfather submitted a letter from his doctor to show stepfather's stress and anxiety because of stepson. The trial court (Judge Candace S. Heidelberger) denied the request, finding stepfather had not proven "abuse" as defined in the Family Code.

The next month, stepfather requested a restraining order against stepson (second restraining order request) under the Elder Abuse and Dependent Adult Civil Protection Act (Welf. & Inst. Code, § 15600 et seq.; the Act). Further undesignated statutory references are to the Welfare and Institutions Code. Stepfather claimed that stepson used abusive language, refused to move out unless stepfather paid him $9,000, and promised to make stepfather's life "a living hell" if he did not pay. Stepfather stated he "fear[ed] for [his] safety and the safety of [his] household and belongings." He also claimed that stepson had "demanded money along with constant verbal abuse and threats of harm" over the last four months and had written malicious letters and texts to family. Stepfather requested that the court order stepson to move out and not contact stepfather, among other things.

Later that month, the trial court granted stepfather's request for a temporary restraining order (first TRO). This first TRO prohibited stepson from intimidating, harassing, or contacting stepfather, ordered stepson to stay at least 100 yards away from

stepfather, and ordered stepson to move out of stepfather's residence immediately. The court set the matter for hearing on December 20, 2021. Stepfather filed a proof of personal service of the notice of court hearing and the first TRO on stepson. The court continued the hearing to January 18, 2022. On January 8, stepson filed a request to continue the hearing, claiming he had not been served with the restraining order request as required by law. The record does not reflect a ruling on the continuance request.

At the January 18, 2022 hearing, the court (Judge Thomas M. Anderson) entered a Stipulation and Order (the January 2022 order) stating that the parties agreed to do the following until January 22, 2024: (1) not contact each other or their family members, directly, indirectly or through any other person; (2) stay away from each other's residences, places of work, and vehicles; (3) make reasonable efforts to avoid contact with each other and/or each other's families in public places; and (4) not demean or slander each other. Stepson would also remove his personal property from the premises no later than February 19, 2022. The January 2022 order bears stepfather's signature and "[illegible initials] for Respondent."

The following month, stepfather filed another request for an elder abuse restraining order against stepson (third restraining order request), claiming stepson sent an abusive text in violation of the January 2022 order. The request included an email with the subject "[Stepson] Text 2/3/22." According to the text, stepson stated he had filed a formal grievance with the Commission on Judicial Performance regarding Judge Anderson and the Nevada County Superior Court for "deliberately denying [him] any chance to defend [himself] and denying [him] all due process" and that the commission had responded that his complaint "passed their litmus test for facial plausibility." He also intended to initiate a "civil action on False Light" and move forward with a petition to the "3rd District Appellate Court to issue a [w]rit of [m]andamus to compel the lower [c]ourt to re-open the [e]lder [a]buse case." Stepson advised the recipient to be "prepared for

3

[their] liaison role to be bumped up a few notches, cuz this shit ain't over until the truth is allowed to prevail and the official record is set straight."

The court set the matter for hearing and issued another temporary restraining order against stepson (second TRO), noting that the record demonstrated reason to believe stepson had violated the January 2022 order that remained in full effect, including the prohibition on stepson contacting stepfather directly or indirectly. The record does not indicate what occurred at the hearing.

Ten months later, stepson filed a request to terminate the January 2022 order.[1] He challenged the order on the following grounds: (1) the second restraining order request was stepfather's effort to evade the unlawful detainer process; (2) stepfather deliberately excluded the second restraining order request from the documents served on stepson; (3) the trial court ignored stepson's requests for a continuance of the hearing; (4) the trial court did not review the case, held a five-minute hearing, and found stepson guilty; (5) the trial court used stepson's remote appearance to "goad" him into the January 2022 order; (6) while stepson agreed that Judge Anderson's clerk could sign the order for stepson, stepson's agreement was predicated on being afforded an opportunity to review the document before approving it; (7) stepson never saw the January 2022 order until he received it via email and was asked to sign it; (8) the trial court was explicitly biased against stepson; (9) stepfather's accusation that stepson tried to extort $9,000 from stepfather is "unequivocally false" and stepfather has never been subject to or threatened with abuse; (10) the text message stepfather provided to the court to obtain the second TRO was a message stepson sent to his "deceased mother's best friend," who then

---

[1] Stepson claims he also filed a request to terminate the January 2022 order in March 2022, but no such request is in the record. We deny stepson's motion that we accept exhibits of emails he sent to the trial court concerning this termination request. (See *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102 ["Factual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs"].)

forwarded the message to stepfather; (11) stepson's employment was terminated in October 2022 due to failing a government security clearance because stepson had to report "this nonsense" on the clearance application; and (12) stepfather's first restraining order request against stepson was denied and that denial set precedent for this case. Stepfather advised the court that he stood "by the filing he made earlier and the comments made in that."

The court (Judge S. Robert Tice-Raskin) denied stepson's request, finding no good cause to terminate the January 2022 order. Stepson timely appealed the denial. Because stepfather has not filed a respondent's brief, we base our decision on the arguments and records presented by stepson. (Cal. Rules of Court, rule 8.220(a).)[2] As the appellant, stepson " 'still bears the "affirmative burden to show error whether or not the respondent's brief has been filed." ' " (*People v. Miller* (2023) 94 Cal.App.5th 935, 941.)

DISCUSSION

I

Restraining Orders under the Act

The Act authorizes a California resident who is at least 65 years old and has suffered "abuse" to seek a protective order. (§§ 15610.27, 15657.03, subd. (a)(1).)[3] As relevant here, "abuse" means treatment with resulting mental suffering, and such suffering includes fear, agitation, and other forms of serious emotional distress brought

---

[2]     We deemed this appeal fully briefed after stepfather filed a letter stating he had "nothing to add to the record regarding this brief" in response to our letter informing stepfather that a respondent's brief was overdue. Stepson is not entitled to file a reply brief when no respondent's brief is filed. (See Cal. Rules of Court, rule 8.220(a).)

[3]     Contrary to stepson's understanding, section 15657.03 was enacted in 1999. (Stats. 1999, ch. 561.) The statute has been amended many times, most recently to add provisions concerning prevention of elder isolation that took effect on January 1, 2023. (Stats. 2021, ch. 273, § 3.)

5

about by forms of intimidating behavior, threats, or harassment.  (§§ 15610.07, subd. (a)(1), 15657.03, subd. (b)(1); 15610.53.)  A protective order issued under the Act may restrain a person from contacting or coming within a specified distance of the elder and, if good cause is shown, may enjoin the person from contacting other named family or household members of the elder.  (§ 15657.03, subd. (b)(5)(A).)  If the court finds that physical or emotional harm would otherwise result to the elder, the order may exclude the person from the elder's residence.  (§ 15657.03, subds. (b)(5)(B), (h).)  Such a residence exclusion can be granted ex parte on a showing that, among other things, the excluded party has assaulted or threatened to assault the elder.  (§ 15657.03, subd. (d).)  And the protective order can enjoin other "specified behavior" as needed to effectuate these orders.  (§ 15657.03, subd. (b)(5)(C).)

A protective order issued under the Act may have a duration of no more than five years, subject to termination or modification by the court on the motion of a party. (§ 15657.03, subd. (i)(1).)  The order is appealable within the earlier of (1) 60 days of service of a notice of entry of judgment-stamped copy of the order or (2) 180 days after entry of the order.  (Code Civ. Proc., § 904.1, subd. (a)(6), (e); *Western Electroplating Co. v. Henness* (1959) 172 Cal.App.2d 278, 283 [all orders granting injunctions, whether temporary or permanent, are appealable]; Cal. Rules of Court, rule 8.104(a)(1).)

Before addressing the merits of stepson's appeal, we discuss two threshold issues. First, we note that the January 2022 order has expired and nothing in the record indicates it has been renewed.  Nevertheless, we decline to treat the appeal as moot because there may be a recurrence of the controversy between the parties.  (See *Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144; *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479.)  Second, we note that stepson did not timely appeal the first TRO, the second TRO, or the January 2022 order.  Thus, our review is limited to the trial court's denial of stepson's request to terminate the January 2022 order (see *People*

6

*ex rel. Feuer v. Progressive Horizon, Inc.* (2016) 248 Cal.App.4th 533, 538), and stepson is foreclosed from raising issues that could have been raised in an appeal from the TROs or the January 2022 order. (See *Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1084.)[4] With that limitation in mind, we turn to the merits of stepson's appeal.

II

The Merits of Stepson's Appeal

The termination of a protective order issued under the Act is committed to the trial court's sound discretion. (§ 15657.03, subd. (i)(1); see *Malinowski v. Martin* (2023) 93 Cal.App.5th 681, 693.) We review the court's decision for abuse of discretion and find such abuse only when "the trial court exceeds the bounds of reason or disregards the uncontradicted evidence." (*Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1140; see *Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1505 [applying abuse of discretion standard for appeal of a ruling declining to terminate a restraining order].) The trial court may terminate a protective order based on: (1) a material change in the facts; (2) a change in the law; (3) the ends of justice; or (4) other grounds on a case-by-case evaluation consistent with the reasons for granting the order and the statute's purpose. (Code Civ. Proc., § 533; *Malinowski v. Martin,* at pp. 693-697.) The party challenging the trial court's exercise of discretion bears the burden of showing abuse. (*Bookout v. Nielsen*, at p. 1140.)

Here, stepson has not expressly invoked that any of these factors supported his termination request. Instead, he takes issue with the way law enforcement forced him to move out after the first TRO was issued and he contends that the January 2022 order and the second TRO should never have been issued because they lacked supporting evidence.

---

[4]    A pro per litigant must be "treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

He also challenges the January 2022 order because the trial court granted a broader order than stepfather requested. And he contends the January 2022 order was procedurally improper because his request for a continuance was ignored, he had trouble hearing the judge during the remote hearing unless the judge spoke toward the monitor, and he never agreed to the terms of the order. None of these contentions are properly before us, as the present appeal challenges only the denial of the motion to terminate. Hence, stepson's motion that we accept additional exhibits related to these claims is denied.

Stepson also raises service of process concerns. Specifically, he contends stepfather never served stepson with the second restraining order request or any of the documents required to effectuate service of the third restraining order request. While improper service of process can render a judgment void and void judgments can be attacked at any time (see *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1226; *Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 691 [void order can be attacked at any time]), stepson admits he attended the hearings on both requests, and there is no reporter's transcript suggesting stepson questioned the court's jurisdiction at those hearings. Thus, we conclude stepson submitted to the court's jurisdiction by making a general appearance, thereby curing any service defects. (See *In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 9 [given the absence of a reporter's transcript of the hearing and proof that a party attended the hearing, reviewing court presumes party "submitted to the court's jurisdiction by making a general appearance"]; Code Civ. Proc., § 410.50, subd. (a).)

To the extent stepson contends the ends of justice would be served because of his procedural concerns with the January 2022 order, we disagree: the ends of justice are not served by allowing stepson to wait over 10 months to assert these purported errors. (See *Tri Counties Bank v. Superior Court* (2008) 167 Cal.App.4th 1332, 1337.)

Stepson did offer one new fact in support of his termination motion. Specifically, he argued that the January 2022 order should be terminated because it negatively

8

impacted his employment. The settled statement on his motion reflects the trial court's consideration of both this concern and stepfather's continued commitment to his request for the order. It was for the trial court to weigh stepfather's and stepson's competing positions and determine whether to terminate the order. (*Bookout v. Nielsen, supra*, 155 Cal.App.4th at p. 1141.) We have no power on appeal to judge the credibility of witnesses or to reweigh the evidence. (*Fabian v. Renovate America, Inc.* (2019) 42 Cal.App.5th 1062, 1067.) Thus, the trial court acted within its discretion in concluding that stepfather's interest in keeping the order in effect outweighed stepson's employment challenges.

Stepson's concern with judicial bias warrants separate consideration because every litigant "has a due process right to an impartial trial judge." (*People v. Peoples* (2016) 62 Cal.4th 718, 787.) But "[i]t is 'extraordinary' for an appellate court to find judicial bias amounting to a due process violation." (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 589.) "Numerous and continuous rulings against a party are not grounds for a finding of bias." (*Ibid.*) Here, stepson forfeited his judicial bias claim because he never sought to disqualify a judge, and he provides no authority indicating he had a right to a particular judge. (*People v. Farley* (2009) 46 Cal.4th 1053, 1110; see Code Civ. Proc., § 170.6.) In addition, our review is limited to the clerk's transcript and a summary of the termination motion hearing presented in a settled statement. Nothing in those records meets the extraordinary bar of showing judicial bias against stepson. For these reasons, stepson's request that we take judicial notice of a code of ethics for court employees is denied as immaterial to our decision. (See *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 748, fn. 6.)

DISPOSITION

The trial court's order denying termination of the January 2022 order is affirmed. In the interests of justice, each party shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　MESIWALA, J.


We concur:


/s/
MAURO, Acting P. J.


/s/
FEINBERG, J.